NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL SANTANA-GUTIERREZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 17-70313 Agency No. A205-466-371 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2022[**]
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Miguel Santana-Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the denial of withholding of removal and CAT protection. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We deny the petition for review.

Santana-Gutierrez asserts that we must remand for further review because the IJ's decision, affirmed by the BIA, predates our opinion in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017). In *Barajas-Romero*, we held that, unlike an applicant for asylum, an applicant for withholding of removal must establish that a statutorily protected ground is "a reason" for his claimed persecution, as opposed to the heightened "one central reason." *Id.* at 360.

*Barajas-Romero* does not require remand in this case. The IJ, affirmed by the BIA, determined that Santana-Gutierrez failed to show any nexus between a statutorily protected ground and the harm that he suffered. Santana-Gutierrez asserted that he fears returning to Mexico "because of the violence from the drug cartels and the gangs," and because of "[t]he delinquency there" and "[t]he police themselves." The IJ concluded that Santana-Gutierrez's "unfortunate" experiences "were in no way related to any particular social group or for any reason other than he happened to be at the wrong place at the wrong time and that everyone in Mexico is subject to this." The IJ further stated that Santana-Gutierrez failed to show that "anyone in Mexico would hurt him for any of the reasons contained under our Immigration laws," and that Santana-Gutierrez only established general conditions

2

of "serious lawlessness and violence."

The BIA affirmed the IJ's findings and determined that Santana-Gutierrez's claims "appear to be based upon a fear of general conditions of indiscrimina[te] crime and violence, which is insufficient for a grant of withholding of removal." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Considering the foregoing findings, *Barajas-Romero* is inapposite here. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (holding that no remand is required, despite asserted *Barajas-Romero* error, when agency found that there was "no nexus" between the harm suffered and a protected ground).

Santana-Gutierrez's sole argument is that his withholding claim should be remanded under *Barajas-Romero*. Thus, any other arguments challenging the denial of withholding of removal and CAT protection are waived. *See Jie Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

**PETITION DENIED.**